WILLIAM L. VEEN, NO. 043150
CRAIG M. PETERS, NO. 184018
DAVID L. WINNETT, NO. 219063
THE VEEN FIRM, P.C.
711 Van Ness Avenue, Suite 220
San Francisco, CA 94102
P.O. Box 7296
San Francisco, CA 94120-7296
Telephone: (415) 673-4800
Facsimile: (415) 771-5845
CP.Team@veenfirm.com

ATTORNEYS FOR PLAINTIFF
WILLIAM C. BREMER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM C. BREMER, individually and on behalf of the estate of DAVID BREMER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CONTRA COSTA; CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT; CHRIS SPADARO; DONOVAN HAYS; CURTIS CODEY; CITY OF WALNUT CREEK; WALNUT CREEK POLICE DEPARTMENT; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 15-1895<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff, by and through his attorneys, The Veen Firm, P.C., for his Complaint against defendants, states as follows:

**JURISDICTION AND VENUE**

1. This Complaint alleges violations of the Constitutional rights of DAVID BREMER, deceased, and of his father, WILLIAM C. BREMER. The Complaint seeks remedies pursuant to Title 42 of the United States Code, Sections 1983 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and California statutory and common law. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and

1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367, to hear and decide claims arising under state law. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events and/or omissions complained of herein occurred in the County of Contra Costa, California, and this action is properly assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California, pursuant to Local Rule 3-2(d).

3. Plaintiff has filed administrative tort claims with the COUNTY OF CONTRA COSTA and CITY OF WALNUT CREEK and has satisfied all conditions precedent to plaintiff's California state law based claims.

4. Plaintiff hereby demands a jury trial in this action.

## PARTIES AND PROCEDURE

5. DAVID BREMER, a mentally ill man in need of psychiatric care, committed suicide in the Martinez Detention Facility on or about March 20, 2014. DAVID BREMER died without leaving a will. To the extent this action seeks to recover damages for violation of rights personal to DAVID BREMER, this action is maintained on behalf of the Estate of DAVID BREMER by his successor in interest, WILLIAM C. BREMER.

6. Plaintiff WILLIAM C. BREMER ("Plaintiff" or "Bremer") is and was at all times mentioned herein the father of Decedent DAVID BREMER. Plaintiff brings these claims individually and as successor in interest of the Estate of DAVID BREMER.

7. Plaintiff brings these claims pursuant to California Code of Civil Procedure sections 377.20, *et seq.* and 377.60, *et seq.*, which provide for survival and wrongful death actions. Plaintiff also brings his claims individually and on behalf of Decedent DAVID BREMER on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

8. Defendant COUNTY OF CONTRA COSTA ("County") is a public entity, duly organized and existing under the laws of the State of California. Under its authority, the County

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-2-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1 operates, oversees, manages, and supervises the CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, the Martinez Detention Facility ("the Jail"), and their respective employees, including Sheriff's deputies and corrections officers and contracted entities and employees of the Jail, including, without limitation, defendants CHRIS SPADARO, DONOVAN HAYS, and CURTIS CODEY. Defendant COUNTY OF CONTRA COSTA is liable for the negligent and reckless acts of all of these aforementioned parties, personnel, and entities, as described herein.

9. Defendant CITY OF WALNUT CREEK ("City") is a public entity, duly organized and existing under the laws of the State of California. Under its authority, the City operates, oversees, manages, and supervises the WALNUT CREEK POLICE DEPARTMENT and its employees, including its police officers and contracted entities and employees. Defendant CITY OF WALNUT CREEK is liable for the negligent and reckless acts of all of these aforementioned parties, personnel, and entities, as described herein.

10. Defendant Deputies CHRIS SPADARO, DONOVAN HAYS and CURTIS CODEY were each at all times herein mentioned deputy sheriffs and corrections officers employed by defendant COUNTY OF CONTRA COSTA, and each was acting within the course and scope of that employment.

11. In engaging in the conduct described herein, defendant deputy sheriffs acted under the color of law and in the course and scope of their employment with the COUNTY OF CONTRA COSTA.

12. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

13. Plaintiff is informed and believes and thereon alleges that each of the defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-3-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

each of the defendants herein gave consent, aid, and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of plaintiff's Constitutional rights and other harm.

14. The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the COUNTY OF CONTRA COSTA, the CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, CITY OF WALNUT CREEK and WALNUT CREEK POLICE DEPARTMENT.

15. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

16. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

## FACTS GIVING RISE TO THIS COMPLAINT

17. On or about March 20, 2014, DAVID BREMER committed suicide by aspirating food he was given by employees of the CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT while he was being held at the Martinez Detention Facility as a pretrial detainee, subsequent to his arrest by the WALNUT CREEK POLICE DEPARTMENT a few hours earlier.

18. During the early morning hours of March 20, 2014, DAVID BREMER was arrested by officers of the WALNUT CREEK POLICE DEPARTMENT on an outstanding warrant. He attempted to evade arrest by running away from the officers and otherwise resisting arrest but was ultimately apprehended. On information and belief, officers of the WALNUT CREEK POLICE DEPARTMENT used excessive and unnecessary force in securing the arrest of DAVID BREMER.

19. Officers of the WALNUT CREEK POLICE DEPARTMENT transported DAVID BREMER to the Martinez Detention Facility to await arraignment on the warrant. On information and belief, officers of the WALNUT CREEK POLICE DEPARTMENT failed to identify and address DAVID BREMER's deteriorating mental health.

20. During DAVID BREMER's intake interview at the Martinez Detention Facility, he

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-4-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

purportedly told the intake nurse that he might injure himself. Consequently, he was determined to be suicidal.

21. Despite the need for a mental health evaluation, treatment, and placement in an appropriate mental health facility, defendants and each of them were deliberately indifferent to DAVID BREMER and at no time were any such measures sought, secured and/or provided. Defendant COUNTY OF CONTRA COSTA's policy on suicidal detainees, in effect at all material times mentioned herein, merely required correctional staff to place suicidal detainees in "safety cells," observe and interact with suicidal detainees every 15 minutes, and record their observations in an observation log.

22. DAVID BREMER was placed in a "safety cell" at the Jail by defendant CURTIS CODEY. Defendant CURTIS CODEY assisted DAVID BREMER into a "safety smock" and initiated an observation log.

23. At approximately 3:30 am that morning, defendant CURTIS CODEY fed DAVID BREMER a bologna sandwich and a carton of milk. Defendant CURTIS CODEY's last interaction with DAVID BREMER occurred at approximately 4:55 am.

24. Defendant DONOVAN HAYS observed DAVID BREMER in the safety cell at approximately 6:20 am and 6:35 am, standing at the door and pacing around the cell.

25. Defendant CHRIS SPADARO observed DAVID BREMER and spoke with him at approximately 6:48 am.

26. Defendant DONOVAN HAYS observed DAVID BREMER at approximately 7:16 am and found him to be sitting and alert. He next observed DAVID BREMER resting on his side at approximately 7:31 am. Defendant DONOVAN HAYS did not speak with DAVID BREMER or otherwise interact with him at that time.

27. Defendant CHRIS SPADARO next observed DAVID BREMER at approximately 7:34 am and found him to by lying facedown and unresponsive. He attempted unsuccessfully to resuscitate DAVID BREMER and called for emergency medical personnel to assist in the efforts to revive DAVID BREMER.

28. DAVID BREMER died in the back of an ambulance on the way to the Contra Costa

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-5-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  County Regional Medical Center. A large quantity of bread was removed from his throat during the efforts to revive him.

3  29. An autopsy performed by the COUNTY OF CONTRA COSTA Coroner's Bureau on or about March 21, 2014, found several bruises and abrasions on DAVID BREMER's body and determined that he had died from asphyxia due to aspiration of the bread from the bologna sandwich given to him by defendant CURTIS CODEY.

30. Plaintiff is informed and believes and thereon alleges that intentional asphyxiation from aspiration of food is well-documented such that law enforcement agencies as a matter of routine train their corrections officer personnel, such as defendants, to avoid giving food to suicidal detainees without monitoring them sufficiently closely to ensure that they do not force food down their throats in an effort to kill themselves.

## PRELIMINARY ALLEGATIONS

31. Defendants, and each of them, are sued under Title 42 U.S.C. sec. 1983 for violations of the First, Eighth, and/or Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the California Government Code for the acts and omissions of public employees.

32. Does 1-100, and each of them, at the time they caused DAVID BREMER's and plaintiff's injuries, damages, and death, were duly appointed, qualified and acting officers, employees, and/or agents of the COUNTY OF CONTRA COSTA or the CITY OF WALNUT CREEK and acting within the course and scope of their employment or agency.

33. Plaintiff alleges that the conduct of each defendant deprived DAVID BREMER of his Constitutional right to life, his Constitutional right to mental health care for his mental illness, as well as custodial care and supervision, and caused DAVID BREMER to suffer grievous harm and physical and emotional injuries prior to his death and ultimately caused his death while he was in the custody of defendants.

34. Each of the defendants caused and is responsible for the unlawful conduct and resulting harms by, inter alia, personally participating in the conduct or acting jointly and in concert with others who did so by acquiescing, authorizing, condoning, acting, omitting or failing to take

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-6-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain adequate training, supervision and staffing with deliberate indifference to decedent's and plaintiff's rights, by failing to maintain proper and adequate policies, procedures, and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers, and employees under their direction and control.

35. As a further result of the acts and/or omissions of defendants, and each of them, DAVID BREMER's father has been deprived of the care, protection, companionship, love, solace, affection and moral support of his loved one and has experienced and continues to experience great mental and emotional pain and suffering.

36. The acts and/or omissions of defendants and their employees and agents and various Does as alleged in this Complaint were malicious and/or oppressive – done with a willful and conscious disregard for the Constitutional rights and basic welfare and safety of DAVID BREMER and for the emotional well-being of his father and subjecting DAVID BREMER and his family to cruel and unjust hardship. Plaintiff therefore prays for an award of punitive and exemplary damages in an amount that will be stated according to proof.

37. Plaintiff retained private counsel to represent him in this matter to vindicate his rights and the rights of decedent and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. sec. 1988.

**CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**(Violation of 42 U.S.C. § 1983 Causing Deprivation of Constitutional Rights and Wrongful Death)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

38. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

39. As set forth above, plaintiff was subjected to deprivation of rights by defendants, and each of them, acting or pretending to act under color of law and of statutes, ordinances, regulations, customs, and usages of the Law of the United States, State of California, and of the County of Contra Costa, which rights include, but are not limited to, privileges and immunities secured to plaintiff by the Constitution and the laws of the United States. By reason of the aforementioned

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-7-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

acts, these defendants have violated the Constitutional rights and liberty interests of decedent and plaintiff, including those provided in the Eighth and Fourteenth Amendments to the U.S. Constitution. These defendants furthermore have violated plaintiff's rights under the First and Fourteenth Amendments' prohibition against depriving a person of a right to family relationships without due process of law.

40. At all times herein mentioned, defendants knew, or should have known, of DAVID BREMER's serious mental health condition as well as his suicidal tendencies, but were deliberately indifferent to it, ignored it, and failed to provide access to and the delivery of mental health evaluations, interventions, care, treatment, as well as to observe and intervene to prevent decedent from committing suicide. As a proximate result of defendants' deliberate indifference, DAVID BREMER's serious, but treatable, psychiatric condition went untreated, causing him to continue to suffer both physical pain and mental anguish in violation of his Eighth and Fourteenth Amendment rights and resulted in his wrongful death. As a further result of defendants' actions and/or inactions, plaintiff was deprived of his Constitutional right to familial relationship, and DAVID BREMER suffered cruel and unusual punishment and death.

41. Plaintiff claims damages on behalf of the Estate of DAVID BREMER as a survival action and claims as damages the loss of his right to life and the physical injuries, pain, and emotional anguish and trauma he suffered prior to his death.

42. As a proximate result of these defendants' actions or inactions and their deliberate indifference to the serious mental health condition of DAVID BREMER and to his Constitutional rights, plaintiff suffered loss of society, comfort, companionship, solace, love, affection, services, and moral support and incurred burial and funeral expenses and continues to suffer these damages.

43. By virtue of the provisions of 42 U.S.C. § 1988, plaintiff is entitled to and demands an award of reasonable attorneys' fees and costs, according to proof.

44. Each above defendant acted recklessly or with callous indifference to DAVID BREMER's life-threatening psychiatric condition and to plaintiff's Constitutional rights and should be assessed punitive damages.

//

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-8-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION
(Violation of 42 U.S.C. § 1983, Liability for a Policy, Custom or Practice Causing Constitutional Violations of the Eighth and/or Fourteenth Amendments to the Constitution of the United States
PLAINTIFF AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, CITY OF WALNUT CREEK; WALNUT CREEK POLICE DEPARTMENT; AND DOES 1-100

45. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

46. The aforementioned acts and/or omissions of defendants in being deliberately indifferent to DAVID BREMER's serious psychiatric needs and safety and violating DAVID BREMER's civil rights were the direct and proximate result of customs, practices, and policies of defendants, as alleged herein.

47. At all times herein mentioned, Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, CITY OF WALNUT CREEK, WALNUT CREEK POLICE DEPARTMENT and Does 1-100, and each of them, maintained a policy or de facto unconstitutional informal custom or practice of permitting, ignoring, and condoning: (1) the delay and failure in response in providing adequate mental health and medical assistance for the protection of the health and safety of detainees/inmates; (2) the failure to properly observe and treat detainees/inmates; (3) the failure of adequate intake screening and evaluation, including medical and mental health screenings and evaluations; (4) the failure to make referrals to mental health professionals; (5) the failure to institute treatment plans; (6) the failure in the administration and delivery of medications; (7) inadequate medical record keeping; (8) inadequate staffing; (9) inadequate communication between medical, mental health, and custodial staff; (10) inadequate supervision; (11) refusing access and delivery of mental/medical health care to detainees/inmates; (12) the failure to periodically monitor inmates/detainees with serious mental and medical health conditions; (13) the failure to comply with statutory guidelines, mandates and duties enacted for the protection of individuals with mental health needs; and (14) the failure to supervise, report, investigate, and reprimand officers', aides', and medical care providers' wrongful conduct.

48. Plaintiff alleges that Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT maintained a policy, custom or practice of understaffing the Martinez Detention Facility with custodial personnel, causing a failure to properly

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-9-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

monitor single-celled inmates, who are known to be at higher risk for suicide.

49. Plaintiff alleges that Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT maintained a policy, custom, or practice of understaffing the Martinez Detention Facility with mental health personnel.

50. Plaintiff alleges that Defendants CITY OF WALNUT CREEK and WALNUT CREEK POLICE DEPARTMENT maintained a policy, custom, or practice of failing to identify and adequately address the mental health condition of arrestees upon taking them into custody.

51. Each policy, custom or practice posed a substantial risk of serious harm to DAVID BREMER, and each defendant knew or, in the exercise of reasonable care, should have known, that its policy posed this risk. These policies, customs or practices were a cause of plaintiff's damages and injuries as alleged above.

## THIRD CAUSE OF ACTION
(Violation of 42 U.S.C. § 1983 Resulting From a Failure to Train and Supervise)
**PLAINTIFF AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, AND DOES 1-100**

52. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

53. Plaintiff is informed and believes that, prior to the incident alleged herein, a history of in custody deaths, including suicide, existed at the Martinez Detention Facility and that the mental health workers, correctional officers, employees, and others employed by, supervised by the COUNTY OF CONTRA COSTA and the CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT had a history of deliberate indifference to the necessity to protect detainees/inmates in providing access to and delivery of mental and medical care, to evaluate and transport mentally ill individuals to approved mental health facilities for treatment and assessment, and to frequently and closely monitor suicidal detainees. The aforementioned misconduct, resulting in the Constitutional deprivations of plaintiff and decedent, were the result of the failure of defendants to train and supervise and instruct deputies, correctional officers, police officers, health care providers and employees. The COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, and DOES 1-100 tacitly encouraged, ratified or approved of the misconduct alleged herein.

54. As a direct and proximate result of defendants' failures to train, supervise and/or

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-10-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  discipline said deputies, correctional officers, police officers, health care providers and employees,
2  plaintiff suffered the injuries and damages as alleged herein.

### FOURTH CAUSE OF ACTION
### (General Negligence)
### PLAINTIFF AGAINST ALL DEFENDANTS

55. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

56. While DAVID BREMER was under the care of defendants, and each of them, and Does 1 through 100, and in defendants' custody, defendants, acting within the scope and course of their employment, and their employees and agents, negligently, carelessly and unskillfully cared for, attended, handled, controlled and failed to supervise, monitor and attend to DAVID BREMER and/or battered and injured him and/or failed to refer him to mental health providers and/or carelessly failed to detect and monitor decedent's deteriorating condition. Defendants, and each of them, failed to supervise, train and monitor their subordinates, to maintain proper supervision, classification, and staffing and to timely refer DAVID BREMER for psychiatric evaluation and care.

57. Plaintiff further alleges that the supervisory defendant personnel, including agents and employees of defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, CITY O WALNUT CREEK and WALNUT CREEK POLICE DEPARTMENT failed to conduct appropriate investigatory procedures to determine the need to obtain psychiatric services for DAVID BREMER while in defendants' care, custody, and control, and failed to have proper investigation of allegations of subordinates' negligent acts and/or omissions.

58. The Estate of DAVID BREMER claims damages as a survival action and claims damages in accord with law.

59. As a legal result of defendants' actions and inactions to the serious physical injuries and mental/psychiatric condition of DAVID BREMER, plaintiff suffered damages alleged herein above.

### FIFTH CAUSE OF ACTION
### (Medical Negligence)
### PLAINTIFF AGAINST ALL DEFENDANTS AND DOES 1-100

60. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-11-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

61. While DAVID BREMER was under the care of defendants, defendants, and each of them, acting within the scope and course of their employment, negligently, carelessly, and unskillfully cared for, attended, handled, controlled, failed to supervise, monitor, failed to follow-up, and abandoned DAVID BREMER. Defendants further failed to refer DAVID BREMER to specialist psychiatric care providers, negligently failed to provide psychiatric and psychological care, and carelessly failed to detect, monitor, and follow-up on DAVID BREMER's deteriorating psychological condition, thus negligently, carelessly, and unskillfully failing to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as defendants.

62. As a direct and legal result of the aforesaid negligence, carelessness, and unskillfulness of defendants, and each of them, DAVID BREMER's mental health condition did not receive timely, appropriate, and indicated intervention and treatment, and his condition resulted in his death by suicide, thereby causing damage to plaintiff in an amount according to proof.

### SIXTH CAUSE OF ACTION
### (Violation of California Government Code § 845.6)
### PLAINTIFF AGAINST ALL DEFENDANTS AND DOES 1-100

63. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

64. Pursuant to California Government Code § 845.6, defendants had a duty to monitor, check and respond to the persons under their custody, supervision and control and summon needed medical and mental health care.

65. Defendants knew or had reason to know that DAVID BREMER was in need of ongoing follow-up psychiatric and medical evaluation and care and failed to take reasonable action to summon such care.

66. As a result of defendants' breach of said duty to take reasonable action to summon such medical care to DAVID BREMER, plaintiff has suffered damages as set forth herein.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief against each and every defendant herein, jointly and severally:

a. For general damages, according to proof;

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-12-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

b.  For special damages, according to proof;

c.  For pecuniary damages, according to proof;

d.  For punitive damages against the appropriate defendants;

e.  For funeral and burial expenses, according to proof;

f.  For other losses, according to proof;

g.  For costs of suit;

h.  For prejudgment interest;

i.  For attorneys' fees and costs pursuant to 42 U.S.C. sec. 1988 and as otherwise authorized by statute or law; and

j.  Such other and further relief as this Court may deem appropriate.

DATED: April 28, 2015                    THE VEEN FIRM, P.C.

By: _____
Craig M. Peters
David L. Winnett
Attorneys for Plaintiff
WILLIAM C. BREMER

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

414359_1.docx

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-13-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL